UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

IN RE: Bradley William Tincher

CASE NO. 19-90370-BHL-13

DEBTOR(s)

## CERTIFICATE OF SERVICE

I hereby certify that on March 18, 2019, a copy of the CHAPTER 13 PLAN and the NOTICE OF FILING OF CHAPTER 13 PLAN were filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

Joseph M. Black    jmbecf@trustee13.com, jmbecf@cinergymetro.net
U.S. Trustee    ustpregion10.in.ecf@usdoj.gov
Mark S Zuckerberg    filings@mszlaw.com, s.mr72948@notify.bestcase.com

I further certify that on March 18, 2019, a copy of the CHAPTER 13 PLAN and the NOTICE OF FILING OF CHAPTER 13 PLAN were mailed by first-class U.S. Mail, postage prepaid, and properly addressed to those persons listed on the attached matrix at the addresses shown therein.

/s/ Joseph M. Black, Jr.
Joseph M. Black, Jr., Chapter 13 Trustee
PO Box 846
Seymour, IN  47274
Phone: (812)524-7211
Fax:    (812)523-8838
Email: jblacktrustee@trustee13.com

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0756-4<br>Case 19-90370-BHL-13<br>Southern District of Indiana<br>New Albany<br>Mon Mar 18 10:59:35 EDT 2019 | (p)CREDITORS BANKRUPTCY SERVICE<br>PO BOX 800849<br>DALLAS TX 75380-0849 | Atlantic Credit & Finance<br>PO Box 13386<br>Roanoke, VA 24033-3386 |
| Attorney General of the United States<br>U.S. Department of Justice<br>950 Pennsylvania Ave NW<br>Washington, DC 20530-0001 | Bankruptcy Law Office of<br>Mark S. Zuckerberg<br>429 N Pennsylvania St<br>Suite 100<br>Indianapolis IN 46204-1873 | Barnett Porter & Dunn<br>100 Mallard Creek Rd, Ste 401<br>Louisville, KY 40207-5137 |
| Joseph M. Black Jr.<br>Office of Joseph M. Black, Jr.<br>PO Box 846<br>Seymour, IN 47274-0846 | CBCS<br>PO Box 1085<br>Columbus, OH 43216-1085 | Capital One<br>P.O. Box 5294<br>Carol Stream, IL 60197-5294 |
| Capital One<br>PO Box 30285<br>Salt Lake City, UT 84130-0285 | Credit One Bank<br>PO Box 60500<br>City Of Industry, CA 91716-0500 | Dept of Ed/Navient<br>PO Box 9655<br>Wilkes Barre, PA 18773-9655 |
| (p)FIFTH THIRD BANK<br>MD# ROPS05 BANKRUPTCY DEPT<br>1850 EAST PARIS SE<br>GRAND RAPIDS MI 49546-6253 | (p)FLOYD EMERGENCY MEDICINE ASSOCIATES<br>700 EAST SPRING STREET<br>SUITE 200<br>NEW ALBANY IN 47150-6816 | (p)G L A COLLECTION CO INC<br>PO BOX 588<br>GREENSBURG IN 47240-0588 |
| Harley Davidson Credit<br>PO Box 21829<br>Carson City, NV 89721-1829 | IMC Credit Services<br>6955 Hillsdale Court<br>Indianapolis, IN 46250-2054 | LVNV Funding, LLC<br>1 Corporate Dr., Ste. 360<br>Lake Zurich, IL 60047-8945 |
| Mariner Personal Finance<br>8211 Town Center Dr<br>Nottingham, MD 21236-5904 | Midland Funding, LLC<br>2365 Northside Dr #300<br>San Diego, CA 92108-2709 | One Main<br>PO Box 1010<br>Evansville, IN 47706-1010 |
| Pennyrile Collection, Inc<br>PO Box 965<br>Hopkinsville, KY 42241-0965 | Safe-Chek<br>PO Box 4127<br>Fort Walton Beach, FL 32549-4127 | Stenger & Stenger<br>2618 East Paris Ave SE<br>Grand Rapids, MI 49546-2458 |
| Bradley William Tincher<br>767 Bono Road<br>Mitchell, IN 47446-5940 | U.S. Attorney's Office<br>10 W Market St Ste 2100<br>Indianapolis, IN 46204-1986 | U.S. Trustee<br>Office of U.S. Trustee<br>101 W. Ohio St.. Ste. 1000<br>Indianapolis, IN 46204-1982 |
| Verizon<br>PO Box 25505<br>Lehigh Valley, PA 18002-5505 | Mark S Zuckerberg<br>Law Office of Mark S Zuckerberg, P.C.<br>429 N Pennsylvania St Ste 100<br>Indianapolis, IN 46204-1873 | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Army/Air Force Exchange
PO Box 650410
Dallas, TX 75265-0410

Fifth Third Bank
5050 Kingsley Drive
Cincinnati, OH 45263

Floyd Emergency Medicine
700 East Spring St, Ste 200
New Albany, IN 47150

GLA Collection Co., Inc.
2630 Gleeson Lane
Louisville, KY 40299

(d)Military Star
3911 S Walton Walker Blvd
Dallas, TX 75265-0410


The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(d)U.S. Attorney's Office
10 W Market St Ste 2100
Indianapolis IN 46204-1986

End of Label Matrix
Mailable recipients    28
Bypassed recipients     1
Total                  29

UNITED STATES BANKRUPTCY COURT  SF13210 (rev 02/2017)
Southern District of Indiana
121 W. Spring St., Rm. 110
New Albany, IN 47150

In re:

**Bradley William Tincher,**  Case No. **19-90370-BHL-13**
SSN: xxx-xx-9140    EIN: NA
   767 Bono Road
   Mitchell, IN 47446
      Debtor.

## NOTICE OF FILING OF CHAPTER 13 PLAN

A Chapter 13 Plan was filed on March 14, 2019, by Debtor Bradley William Tincher. A copy of this document is attached.

**NOTICE IS GIVEN** that any objection to the Chapter 13 Plan must be filed with the Court at least **3 days** prior to the 341 meeting date or by April 12, 2019, whichever is later. Objections must comply with S.D.Ind. B-9013-1(d) and must be served on the attorney for the debtor and the chapter 13 trustee.

If no objections are filed, the Court may confirm the plan without conducting an actual hearing. Unresolved objections will be scheduled for hearing by the Court at a later date.

Dated: March 15, 2019    Kevin P. Dempsey
                                                    Clerk, U.S. Bankruptcy Court

## United States Bankruptcy Court
### Southern District of Indiana

In re  **Bradley William Tincher**  
Debtor(s)

Case No. _____  
Chapter **13**

# CHAPTER 13 PLAN
☑ Original  
Amended Plan #__ (e.g. 1ˢᵗ, 2ⁿᵈ)  
***MUST BE DESIGNATED***

## 1. NOTICE TO INTERESTED PARTIES:

The Debtor must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included," if neither box is checked, or if both boxes are checked, the provision will be ineffective if set out later in the plan.

| | Included | Not Included |
|---|---|---|
| **1.1** A limit on the amount of a secured claim, pursuant to paragraph 8.(b), which may result in a partial payment or no payment at all to the secured creditor. | ☑ | ☐ |
| **1.2** Avoidance of a judicial lien or nonpossessory, non-purchase money security interest. Any lien avoidance shall occur by separate proceeding, pursuant to paragraph 12. | ☐ | ☑ |
| **1.3** Nonstandard provisions, set out in paragraph 15. | ☑ | ☑ |

## 2. GENERAL PROVISIONS:

**(a)   YOUR RIGHTS MAY BE AFFECTED.** Read these papers carefully and discuss them with your attorney. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed without further notice or hearing unless a written objection is filed before the deadline stated on the separate Notice you received from the Court.

**(b)   PROOFS OF CLAIM:** You must file a proof of claim to receive distributions under the plan. Absent a Court order determining the amount of the secured claim, the filed proof of claim shall control as to the determination of pre-petition arrearages; secured and priority tax liabilities; other priority claims; and the amount required to satisfy an offer of payment in full. All claims that are secured by a security interest in real estate shall comply with the requirements of Federal Rule of Bankruptcy Procedure ("FRBP") 3001(c)(2)(C).

**(c)   NOTICES RELATING TO MORTGAGES:** As required by Local Rule B-3002.1-1, all creditors with claims secured by a security interest in real estate shall comply with the requirements of FRBP 3002.1(b) and (c) without regard to whether the real estate is the Debtor's principal residence. If there is a change in the mortgage servicer while the bankruptcy is pending, the mortgage holder shall file with the Court and serve upon the Debtor, Debtor's counsel and the Chapter 13 Trustee ("Trustee") a Notice setting forth the change and providing the name of the new servicer, the payment address, a contact phone number and a contact e-mail address.

**(d)   NOTICES (OTHER THAN THOSE RELATING TO MORTGAGES):** Non-mortgage creditors in Section 8(c) (whose rights are not being modified) or in Section 11 (whose executory contracts/unexpired leases are being assumed) may continue to mail customary notices or coupons to the Debtor or the Trustee notwithstanding the automatic stay.

**(e)   EQUAL MONTHLY PAYMENTS:** As to payments required by paragraphs 7 and 8, the Trustee may increase the amount of any "Equal Monthly Amount" offered to appropriately amortize the claim. The Trustee shall be permitted to accelerate payments to any class of creditor for efficient administration of the case.

**(f)   PAYMENTS FOLLOWING ENTRY OF ORDERS LIFTING STAY:** Upon entry of an order lifting the stay, no distributions shall be made on any secured claim relating to the subject collateral until such time as a timely amended deficiency claim is filed by such creditor and deemed allowed, or the automatic stay is re-imposed by further order of the Court.

**3. SUBMISSION OF INCOME:** Debtor submits to the supervision and control of the Trustee all or such portion of future earnings or other future income or specified property of the Debtor as is necessary for the execution of this plan.

### 4. PLAN TERMS:

**(a) PAYMENT AND LENGTH OF PLAN:** Debtor shall pay $ **$310.00 per month** to the Trustee, starting not later than 30 days after the order for relief, for **60** months, for a total amount of $ **18,600.00** .
Additional payments to the Trustee and/or future changes to the periodic amount proposed are:

| None. |
|---|

**(b) INCREASED FUNDING:** If additional property comes into the estate pursuant to 11 U.S.C. §1306(a)(1) or if the Trustee discovers undisclosed property of the estate, then the Trustee may obtain such property or its proceeds to increase the total amount to be paid under the plan. However, if the Trustee elects to take less than 100% of the property to which the estate is entitled OR less than the amount necessary to pay all allowed claims in full, then a motion to compromise and settle will be filed, and appropriate notice given.

**(c) CURING DEFAULTS:** If Debtor falls behind on plan payments or if changes to the payments owed to secured lenders require additional funds from the Debtor's income, the Debtor and the Trustee may agree that the Debtor(s) will increase the periodic payment amount or that the time period for making payments will be extended, not to exceed 60 months. Creditors will not receive notice of any such agreement unless the total amount that the Debtor(s) will pay to the Trustee decreases. Any party may request in writing, addressed to the Trustee at the address shown on the notice of the meeting of creditors, that the Trustee give that party notice of any such agreement. Agreements under this section cannot extend the term of the plan more than 6 additional months.

**(d) OTHER PLAN CHANGES:** Any other modification of the plan shall be proposed by motion pursuant to 11 U.S.C. §1329. Service of any motion to modify this plan shall be made by the moving party as required by FRBP 2002(a)(5) and 3015(h), unless otherwise ordered by the Court.

### 5. PAYMENT OF ADMINISTRATIVE CLAIMS (INCLUSIVE OF DEBTOR'S ATTORNEY FEES):

☐ **NONE**

All allowed administrative claims will be paid in full by the Trustee unless the creditor agrees otherwise:

| Creditor | Type of Claim | Scheduled Amount |
|---|---|---|
| Amy D. Desai CO-30112 | Attorney Fees | $2,830.00 |

### 6. PAYMENT OF DOMESTIC SUPPORT OBLIGATIONS:

☑ **NONE**

**(a) Ongoing Domestic Support Obligations.** Debtor shall make any Domestic Support Obligation payments that are due after the filing of the case under a Domestic Support Order directly to the payee.

**(b) Domestic Support Obligation Arrears.**

☑ **NONE**

The following arrearages on Domestic Support Obligations will be paid in the manner specified:

| Creditor | Type of Claim | Estimated Arrears | Treatment |
|---|---|---|---|

### 7. PAYMENT OF SECURED CLAIMS RELATING SOLELY TO THE DEBTOR'S PRINCIPAL RESIDENCE:

☑ **NONE**

As required by Local Rule B-3015-1(c), if there is a pre-petition arrearage claim on a mortgage secured by the Debtor's principal residence, then both the pre-petition arrearage and the postpetition mortgage installments shall be made through the Trustee. Initial post-petition payment arrears shall be paid with secured creditors. If there are no arrears, the Debtor may pay the secured creditor directly. Before confirmation, the payment to the mortgage lender shall be the regular monthly mortgage payment unless otherwise ordered by the Court or modified pursuant to an agreement with the mortgage lender. After confirmation, payment shall be as set forth below. Equal Monthly Amount and Estimated Arrears listed below shall be adjusted based on the filed claim and/or notice. Delinquent real estate taxes and homeowners' association or similar dues should be treated under this paragraph.

| Creditor | Residential Address | Estimated Arrears | Equal Monthly Amount | Select One for Mortgages ONLY: |
|---|---|---|---|---|

**No late charges, fees or other monetary amounts shall be assessed based on the timing of any payments made by the Trustee under the provisions of the Plan, unless allowed by Order of the Court.**

## 8. PAYMENT OF SECURED CLAIMS OTHER THAN CLAIMS TREATED UNDER PARAGRAPH 7:

(a) **Secured Claims as to Which 11 U.S.C. § 506 Valuation Is Not Applicable:**

☑ **NONE**

Pursuant to Local Rule B-3015-3, and unless otherwise ordered by the Court, prior to plan confirmation, as to secured claims not treated under paragraph 7 and as to which valuation under 11 U.S.C. § 506 is not applicable, the Trustee shall pay monthly adequate protection payments equal to 1% of a filed secured claim. The Trustee shall disburse such adequate protection payments to the secured creditor as soon as practicable after receiving plan payments from the Debtor, and the secured claim will be reduced accordingly. After confirmation of the plan, unless otherwise provided in paragraph 15, the Trustee will pay to the holder of each allowed secured claim the filed claim amount with interest at the rate stated in column 5.

| (1) Creditor | (2) Collateral | (3) Purchase Date | (4) Estimated Claim Amount | (5) Interest Rate | (6) Equal Monthly Amount |
|---|---|---|---|---|---|

(b) **Secured Claims as to Which 11 U.S.C. § 506 Valuation Is Applicable:**

☐ **NONE**

Pursuant to Local Rule B-3015-3, and unless otherwise ordered by the Court, prior to plan confirmation as to secured claims not treated under paragraph 7 but as to which § 506 valuation is applicable, the Trustee shall pay monthly adequate protection payments equal to 1% of the value of the collateral in column 5. The Trustee shall disburse such adequate protection payments to the secured creditor as soon as practicable after receiving plan payments from the Debtor, and the secured claim will be reduced accordingly. After confirmation of the plan, unless otherwise provided in paragraph 15, the Trustee will pay to the holder of each allowed secured claim the value amount in column 5 at the equal monthly amount in column 7 with interest at the rate stated in column 6.

| (1) Creditor | (2) Collateral | (3) Purchase Date | (4) Scheduled Debt | (5) Value | (6) Interest Rate | (7) Equal Monthly Amount |
|---|---|---|---|---|---|---|
| Harley Davidson Credit | 2013 Harley Davidson Street Glide | 11/2012 | $14,088.00 | $11,100.00 | 5.00% | $250 |

(c) **Curing Defaults and/or Maintaining Payments:**

☑ **NONE**

Trustee shall pay the allowed claim for the arrearage, and Debtor shall pay regular post-petition contract payments directly to the creditor:

| Creditor | Collateral/Type of Debt | Estimated Arrears | Interest Rate(if any) |
|---|---|---|---|

(d) **Surrendered/Abandoned Collateral:**

☐ **NONE**

The Debtor intends to surrender the following collateral. Upon confirmation, the Chapter 13 estate abandons any interest in, and the automatic stay pursuant to 11 U.S.C. § 362 is terminated as to, the listed collateral and the automatic stay pursuant to 11 U.S.C. §1301 is terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in paragraph 10.(b) below. Upon confirmation, the secured creditor is free to pursue its *in rem* rights.

| Creditor | Collateral Surrendered/Abandoned | Scheduled Value of Property |
|---|---|---|
| One Main | 2003 Mercedes CLK 430 | $1,000.00 |

### 9. SECURED TAX CLAIMS AND 11 U.S.C. § 507 PRIORITY CLAIMS:

☑ NONE

All allowed secured tax obligations shall be paid in full by the Trustee, inclusive of statutory interest thereon (whether or not an interest factor is expressly offered by plan terms). All allowed priority claims shall be paid in full by the Trustee, exclusive of interest, unless the creditor agrees otherwise:

| Creditor | Type of Priority or Secured Claim | Scheduled Debt | Treatment |
|---|---|---|---|
|  |  |  |  |

### 10. NON-PRIORITY UNSECURED CLAIMS:

(a) Separately Classified or Long-term Debts:

☐ NONE

| Creditor | Basis for Classification | Treatment | Amount | Interest (if any) |
|---|---|---|---|---|
| Dept of Ed/Navient | Student Loans | In Deferral |  |  |

(b) General Unsecured Claims:
  _X_ Pro rata distribution from any remaining funds; or
  __ Other: __

### 11. EXECUTORY CONTRACTS AND UNEXPIRED LEASES:

☑ NONE

All executory contracts and unexpired leases are REJECTED, except the following, which are assumed:

| Creditor | Property Description | Treatment |
|---|---|---|
|  |  |  |

### 12. AVOIDANCE OF LIENS:

☑ NONE

Debtor will file a separate motion or adversary proceeding to avoid the following nonpurchase money security interests, judicial liens, wholly unsecured mortgages or other liens that impair exemptions:

| Creditor | Collateral/Property Description | Amount of Lien to be Avoided |
|---|---|---|
|  |  |  |

**13. LIEN RETENTION:** With respect to each allowed secured claim provided for by the plan, the holder of such claim shall retain its lien securing such claim until the earlier of a) the payment of the underlying debt determined under non-bankruptcy law or b) entry of a discharge order under 11 U.S.C. § 1328.

**14. VESTING OF PROPERTY OF THE ESTATE:** Except as necessary to fund the plan or as expressly retained by the plan or confirmation order, the property of the estate shall revest in the Debtor upon confirmation of the Debtor's plan, subject to the rights of the Trustee, if any, to assert claim to any additional property of the estate acquired by the Debtor post-petition pursuant to operation of 11 U.S.C. § 1306.

### 15. NONSTANDARD PROVISIONS:

☑ NONE

Under FRBP 3015(c), nonstandard provisions are required to be set forth below. Any nonstandard provision placed elsewhere in the plan is void. These plan provisions will be effective only if the included box in Paragraph 1.3 of this plan is checked.

Date: **March 7, 2019**

**/s/ Bradley William Tincher**
Signature of Debtor
**Bradley William Tincher**
Printed Name of Debtor

**/s/ Amy D. Desai**
**Amy D. Desai CO-30112**
Counsel for Debtor(s)
Address: **429 N. Pennsylvania Street - Suite 100 Indianapolis, IN 46204**
City, State, ZIP code: **Indianapolis, IN, 46204-0000**
Area code and phone: **317-687-0000**
Area code and fax: **317-687-5151**
Email address: **filings@mszlaw.com**

By filing this document, the Debtor(s), if not represented by an attorney, or the Attorney for the Debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in the form plan adopted by this Court, other than any nonstandard provisions included in paragraph 15.